·LEVI CAMPBELL *versus* WILLIAM R. SMITH.

Where proceedings are instituted which are intended to secure the plaintiff's lien upon logs, under the provisions of the statute, the debtor not being the owner of the logs, if the writ and officer's return show a case *in personam* and not *in rem*, any order of the Court in relation to the *owner* will be entirely nugatory. But the case may proceed to judgment against the debtor as in ordinary cases.

REPORTED by KENT, J.

The writ, which is in the common form, contains a count, on an account annexed, for labor and also a count for money had and received. On the back thereof is indorsed the following direction to the officer:—"Attach the logs and timber at Kingsbury's mills, belonging to the defendant." The officer, in his return, certifies that he has attached all the logs hauled there by defendant or by his direction within six months, &c.

The action was entered at the February term, 1858, when notice was ordered to the owners of the logs, by publication in a newspaper. At the next term there was proof of notice as ordered. J. S. Abbott appeared at the following term, as an owner of the logs attached, to contest the lien claim. At the next term he requested leave to file specifications of defence, as one of the log owners, if the presiding Judge should rule, as was contended by the plaintiff's counsel, that specifications were required by law. The Judge ruled *pro forma*, that specifications shall be filed. And, for the purpose of settling the question, the parties agree that the case be reported. If the law does not require specifications, the case is to stand for trial; if required, the case to stand for such action at *Nisi Prius*, as may be according to law.

*Abbott, pro se.*, contended, that the specifications were required only by *defendants*. R. S., c. 82, § 18. The log owners may defend under the general issue and brief statement. *Lambert* v. *Lambert*, 44 Maine, 85.

The writ and declaration of the plaintiff, and the attachment made by the officer, do not create or secure any lien

upon the property of any other person than Smith. The notice to the owners should not have been ordered. *Cunningham* v. *Buck*, 43 Maine, 455; *Redington* v. *Frye*, 43 Maine, 578.

*Hudson*, for the plaintiff, contended that the owner having entered his appearance of record, after the publication of notice, was a defendant, and as such, was required to specify the grounds of his defence, as other defendants were. He was a party of record and bound by the judgment.

CUTTING, J., in announcing the opinion of the Court, remarked:—

This suit is brought against Smith *in personam;* his property only was in the writ ordered to be attached, and his *interest* only in the logs was attached. The writ and officer's return do not present a case *in rem*. The case, as reported, gives this Court no jurisdiction or authority to interfere with other parties, whose title to the logs can be questioned only when the logs are specifically attached and the proceedings are *in rem*, apparent from the writ and the officer's return. It not so appearing, but the contrary, all subsequent orders in relation to the owners become nugatory. The plaintiff can therefore proceed against the debtor, but not against the property of third persons.        *Action to stand for trial against the debtor alone.*